## DEFENSE OF PAYMENT IN FORECLOSURE SUIT.

Circuit Court of Cuyahoga County.

MARY J. SHAFER v. W. E. AMES.

Decided, June 8, 1908.

*Res Adjudicata—Decree Finding Conditions of Mortgage Performed is a Bar to Action on Note.*

Where the holder and assignee of a mortgage note and mortgage brings suit for foreclosure of the mortgage in the county where the land is situated without asking for personal judgment, and the defendant by answer and cross-petition asks for cancellation of both note and mortgage on the ground that the amount of the note and mortgage has been paid to an agent of the plaintiff, a decree of the court finding that the conditions of the mortgage has been performed supports a plea of *res adjudicata* when interposed as a defense to an action on the note begun in another county.

*Burton & Dale* and *H. C. Gahn*, for plaintiff in error.
*E. H. Herbkersman* and *Dorr E. Warner*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties to this proceeding in error stand as they stood below. There the defendant's motion for judgment upon the pleadings was granted. Our attention is called to the fact that this motion was interposed before plaintiff was in default for reply to the supplemental answer, and that such reply was filed before the motion was granted. We have, therefore, examined the reply and find that the denial therein contained of the former adjudication pleaded in said supplementary answer is but a mere conclusion of law and does not imply a denial of the facts alleged in said answer; hence the latter is taken as true. The question, therefore, is whether it states a defense to the action.

The subject-matter of the action was a promissory note which was one of a series of notes secured by mortgage given by the defendant to O. C. Pinney, and by him assigned to one Shurtleff.

This assignment was noted on the margin of the record of the mortgage in the recorder's office of Geauga county, where the lands are situated. Shurtleff in turn assigned the notes and mortgage to the plaintiff in this action, who failed to record the assignment of the mortgage or to notify defendant of her ownership thereof.

Subsequently the defendant paid the entire mortgage indebtedness to Pinney, who died without having fully accounted to the true owner. Plaintiff here brought her action in Geauga county for the foreclosure of the mortgage, in respect of the portion of the mortgage indebtedness, payment of which she had failed to receive, but did not ask for personal judgment. Defendant filed an answer, asking by way of affirmative relief for the cancellation of the mortgage and notes, and subsequently filed an amended answer and cross-petition, setting up among other things, that Pinney and another, as agents for plaintiff, had received payment in full of the mortgage indebtedness, and renewed his prayer for cancellation of the mortgage and notes Plaintiff, meanwhile, had sought to dismiss her petition for foreclosure and filed what she called a special answer in which she attempted to save the jurisdictional question. The Geauga County Court of Common Pleas thereupon entered a decree against her for the cancellation of the mortgage, and specifically found therein that the conditions of the mortgage had been performed.

From the record of the Geauga county case as set up in the supplemental answer here it is apparent that the court there was right in continuing to exercise jurisdiction over the plaintiff. It further appears that the conditions of the mortgage, which were found to have been performed, included the payment of all the notes secured thereby. The omission from the decree of any express cancellation of those notes was probably owing to the fact that equity will not afford such relief as amounts only to a defense in law against the notes themselves, if sued upon, but we may and must presume from the terms of the decree that one of the issues adjudicated adversely to plaintiff was the agency for her of the person or persons to whom defendant had made payment.

It follows that although it may well be true that she became the owner for value of the note here sued on before its maturity in such wise as to have been able to maintain an action at law thereon, notwithstanding the payment of the mortgage indebtedness had been so made as to extinguish the lien of that instrument, yet her right of recovery upon the note is precluded here by reason of the adjudication of its payment by the Geauga County Court of Common Pleas.

The judgment below is affirmed.